IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00806-BNB

PATRICK WOOD,

Plaintiff,

v.

KEVIN MILYARD, Assistant/Associate Warden,
REBECCA RODENBECK, Administrative Head,
LT. THOMAS BENEZE, Intelligence Officer,
LT. KEN TOPLISS, Hearing Officer,
OLATHE MURPHY, Case Manager,
RANDY FOSHEE, Associate Warden,
MAJOR LINDA MAIFELD, Administrative Head or Designee,
CUSTODY/CONTROL MANAGER,
MAJOR TERRY BARTRUFF, Administrative Manager,
LIEUTENANT ROBERT FAZZINO, Disciplinary Officer or Shift Commander,
COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO TERRITORIAL CORRECTIONAL FACILITY, and
STERLING CORRECTIONAL FACILITY,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Patrick Wood, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. He filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). Mr. Wood has paid the $350.00 filing fee in this action.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Plaintiff is a prisoner and is seeking redress from a governmental entity and an

officer or employee of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe the complaint liberally because Mr. Wood is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint in part pursuant to § 1915A(b)(1) because Mr. Wood's claims against three Defendants are frivolous.

Mr. Wood asserts that he was convicted on disciplinary charges of fraud concerning the validity of his marriage license/certificate. As a result he was sanctioned by the removal of privileges and visitation with his wife, and allegedly was only allowed contact through telephone calls for three years. He appealed the disciplinary conviction, and on December 14, 2006, the Colorado Court of Appeals, stating that the disciplinary hearing officer misapplied the law, remanded the case for new findings applying the proper legal standard. Mr. Wood alleges that he subsequently was found not guilty as charged.

Mr. Wood contends that the state appeals court ordered the defendants to restore his privileges and to reimburse his fees and costs. He further contends that the

defendants have only reimbursed some of his costs and have failed to restore any privileges. It is not clear from the complaint whether his contact visitation with his wife has been restored. He contends that he has been retaliated against by being reclassified and transferred to a higher level security facility, by the loss of privileges, and by being charged with four disciplinary violations in a six-month period when he only received one citation in the prior twenty years of his incarceration. On the basis of these allegations, he contends that his rights to due process, equal protection, and to be free from harassment have been violated.

Mr. Wood fails to make any allegations against Defendants Custody/Control Manager, Colorado Territorial Correctional Facility, and Sterling Correctional Facility. Therefore, these Defendants will be dismissed as parties to this action. Accordingly, it is

ORDERED that the complaint is dismissed in part as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendants Custody/Control Manager, Colorado Territorial Correctional Facility, and Sterling Correctional Facility are dismissed as parties to this action. It is

FURTHER ORDERED that the clerk of the Court is directed to correct the docket sheet to remove Defendants Custody/Control Manager, Colorado Territorial Correctional Facility, and Sterling Correctional Facility. The only remaining Defendants in this lawsuit are Kevin Milyard, Rebecca Rodenbeck, Lt Thomas Beneze, Lt. Ken Topliss, Olathe Murphy, Randy Foshee, Major Linda Maifeld, Major Terry Bartruff, Lieutenant Robert Fazzino, and Colorado Department of Corrections. It is

FURTHER ORDERED that the remaining claims against the remaining Defendants and the action are assigned to Chief Judge Wiley Y. Daniel pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael J. Watanabe.

DATED at Denver, Colorado, this 14 day of May, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00806-BNB

Patrick Wood
Prisoner No. 56182
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk