IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00806-WYD-MJW

PATRICK WOOD,

    Plaintiff,

v.

KEVIN MILYARD, Assistant/Associate Warden,
REBECCA RODENBECK, Administrative Head,
LT. THOMAS BENEZE, Intelligence Officer,
LT. KEN TOPLISS, Hearing Officer,
OLATHE MURPHY, Case Manager,
RANDY FOSHEE, Associate Warden,
MAJOR LINDA MAIFELD, Administrative Head or Designee,
MAJOR TERRY BARTRUFF, Administrative Manager,
LIEUTENANT ROBERT FAZZINO, Disciplinary Officer or Shift Commander, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

I.    INTRODUCTION

This matter is before the Court on the motion to dismiss Plaintiff's *pro se* Prisoner Complaint, which was filed on July 20, 2009 [#16]. This matter was referred to Magistrate Judge Watanabe for a recommendation pursuant to an Order of Reference dated May 21, 2009. Magistrate Judge Watanabe issued a Recommendation on January 6, 2010 [#23], which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Watanabe recommends therein that the motion to dismiss be granted and that the Prisoner

Complaint be dismissed.  *See* Recommendation at 17.  Specifically, Magistrate Judge Watanabe found that all claims asserted againt the Colorado Department of Corrections ("CDOC") should be dismissed for lack of subject matter jurisdiction based on CDOC's Eleventh Amendment immunity from suit, and that the remaining claims should be dismissed as time barred.  *See* Recommendation at 9-17.

On February 10, 2010, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

II.  BACKGROUND

Plaintiff's claims in this case stem from the denial of his wife's 2004 application to the Colorado Territorial Correctional Facility to visit Plaintiff, and Plaintiff's related disciplinary conviction for fraud.  Plaintiff appealed the fraud conviction and on December 14, 2006, the Colorado Court of Appeals remanded the case for new findings and application of the proper legal standard.  Plaintiff was subsequently found not guilty of the charge, and an unspecified Defendant was ordered to reimburse Plaintiff's fees and costs and restore his privileges.  Plaintiff alleges that he has been only partially reimbursed and his privileges have not been restored.  Plaintiff initiated this case on April 7, 2009, and brings ten separate claims for relief, each against one named Defendant, which allege violations of his "Right to Due Process and Equal Protection, and right to be free from harassment."  A summary of the factual allegations relating to the various claims is contained in the Recommendation, and adopted herein.  *See*

Recommendation at 3-6. Plaintiff seeks reimbursement of his fees, costs, expenses, and other damages and requests that he be restored to all programs, privileges, and jobs lost during any period where they were suspended or removed as a result of the charges against him.

III. ANALYSIS

    A. <u>Eleventh Amendment Immunity</u>

Plaintiff first objects to Magistrate Judge Watanabe's finding that the Eleventh Amendment bars his claims against the CDOC. Plaintiff contends that this is a suit for damages brought against Defendants in their individual capacities and, as such, the Eleventh Amendment does not apply. It appears that Plaintiff misapprehends Magistrate Judge Watanabe's ruling on this issue. Magistrate Judge Watanabe's discussion of Eleventh Amendment sovereign immunity applies only to Plaintiff's claims against the CDOC, and was not the basis for his recommendation of dismissal of the remaining claims in the Prisoner Complaint.

With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A state or an entity or political subdivision that is an "arm of the state" may assert the Eleventh Amendment as a defense to suit in federal court. *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993). The CDOC is an arm of the state and, as such, it is entitled to Eleventh Amendment immunity from suit. *See Griess v. State of Colo*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (affirming the district court's dismissal of plaintiff's claims against the state and its department of corrections on Eleventh

Amendment immunity grounds). In addition, suits against public officials in their official capacity are in reality suits against the state, and such suits are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159 (1985). Therefore, I overrule Plaintiff's objection to the dismissal of his claims against the CDOC, and I find that all claims asserted against the CDOC must be dismissed. To the extent any of Plaintiff's claims are asserted against the remaining Defendants in their official capacities, those claims must also be dismissed.

B. Statute of Limitations

Plaintiff next objects to Magistrate Judge Watanabe's conclusion that his remaining claims are barred by the applicable statute of limitations. In a section 1983 action, the forum state's statute of limitations must be applied. *Depineda v. Hemphill*, 25 F.3d 1056 (10th Cir. 1994). Colorado has a two year statute of limitations that applies to section 1983 claims. Colo. Rev. Stat. § 13-80-102*; Hemphill*, 25 F.3d at 1056. However, the Tenth Circuit holds that "while state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). In a claim under section 1983, the claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994), *cert. denied*, 514 U.S. 1015 (1995); *see also Fratus*, 49 F.3d at 675 ("a civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'") (quoting *Blumberg v. HCA Management Co.*, 848 F.2d 642, 645 (5th Cir. 1988)).

With respect to the statute of limitations, Magistrate Judge Watanabe concluded

that "in the instant case, a review of the Prisoner Complaint shows that all of the discrete actions allegedly taken by the named defendants were done more than two years before this action was commenced" on April 7, 2009. In addition, Magistrate Judge Watanabe rejected Plaintiff's contention that the "continuing violation" doctrine should be applied to his claims. Magistrate Judge Watanabe found that the Tenth Circuit has not yet applied the "continuing violation" doctrine to section 1983 claims and, in any event, "[P]laintiff would have known or had reason to know that his rights were allegedly being violated by the [D]efendants when the specific, discrete actions detailed in his Prisoner Complaint occurred. *See* Recommendation at 13. Magistrate Judge Watanabe specifically rejected Plaintiff's assertion that his claims are based on Defendants' alleged continuing retaliation against him. According to Magistrate Judge Watanabe "[n]o such claims . . . are raised in the ten claims contained in [Plaintiff's] Prisoner Complaint." Magistrate Judge Watanabe concluded that "as the Prisoner Complaint currently stands, plaintiff has failed to allege specific acts of retaliation by any of the named defendants that are not time-barred, let alone a continuing course of unlawful conduct which might constitute a pattern and practice of retaliation." *See* Recommendation at 13-14.

Plaintiff does not object to application of the two-year statute of limitations, but contends that the continuing violation doctrine is "clearly applicable" to suits brought under Section 1983, and asserts that his Prisoner Complaint "alleges a conspiracy to deprive Plaintiff of his constitutional rights specifically, retaliating against him for exercising his right to access the courts." In his Objection, Plaintiff maintains that he

has suffered ongoing retaliation including a recent termination from his job and his removal from the "Incentive Pod" in August, 2009. Plaintiff also asserts that Defendants continue to fail to comply with the Court of Appeals Order. Plaintiff states that he does not know the names of individuals responsible for failing to follow the court order or "who specifically is responsible for instituting policies and procedures that resulted in deprivation of Plaintiff's rights," and he requests leave to amend his complaint to include reference to these "unknown individuals" within the CDOC.

As an initial matter, I find that all of the specific, discrete actions detailed in the Complaint accrued prior to April 7, 2007. Moreover, contrary to Plaintiffs assertion in his Objection, It is not clear that the continuing violation doctrine applies to suits brought pursuant to Section 1983. In *Hunt v. Bennett*, 17 F.3d 1266 (10th Cir. 1994), *cert. denied*, 513 U.S. 832 (1994), the Tenth Circuit declined to decide if this doctrine, which is usually applied in Title VII cases, is applicable to cases under Section 1983. But even if the doctrine did apply, I reject Plaintiff's assertion that his Prisoner Complaint alleges an ongoing conspiracy to retaliate against him for "exercising his right to access the courts." Plaintiff very generally alleges that CDOC officials have "retaliated" against him by threatening his wife, imposing frivolous charges, reclassifying him to a higher security facility, and removing his privileges. However, Plaintiff has not alleged a conspiracy, nor has he alleged any *ongoing* retaliation. I agree with Magistrate Judge Watanabe that all of the specific wrongful acts complained of in the Prisoner Complaint occurred outside the applicable two-year statute of limitations and are time barred. As to the more general allegations of retaliation in the Prisoner Complaint, I find that

Plaintiff does not specify who committed these alleged retaliatory acts or, more significantly, when these acts occurred. Moreover, Plaintiffs allegations in his Objection concerning recent retaliatory acts (which are not part of his Prisoner Complaint) do not demonstrate an on-going violation. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-115 (2002) (the continuing violation doctrine does not apply to discrete acts, but to a collection of circumstances forming a single violation).

    Finally, I reject Plaintiff's assertion that the continuing violation doctrine saves his claim that CDOC officials have failed to comply with a court order to reimburse his fees and costs and restore his privileges. I note that Plaintiff was awarded $817.65 in costs and reinstatement of his privileges sometime in December 2006. Plaintiff chose to appeal that award, and sought an additional $19,926.11 in costs. In an order dated July 3, 2008, the Colorado Court of Appeals denied Plaintiff's request for additional fees and costs. In that same order, the Colorado Court of Appeals found:

> [Plaintiff] contends he is entitled to the restoration of jobs, wages and privileges that were lost because of his erroneous conviction for fraud. *See* Code of Penal Discipline 150-01(IV)(E)(3)(t), DOC Admin. Reg. 150-01. However, the trial court ordered [Defendant] Milyard to comply with this DOC Administrative Regulation, and [Plaintiff] does not argue that the DOC did not comply with this order.

To the extent Plaintiff claims that CDOC officials failed to pay him costs and fees, and failed to reinstate his privileges, these claims accrued shortly after entry of the December, 2006 order. A continuing violation claim fails when "the plaintiff knew, or through the exercise of reasonable diligence would have known, [h]e was being discriminated against at the time the earlier events occurred." *Davidson v. America*

*Online, Incl.*, 337 F.3d 1179, 1184 (10th Cir. 1993). Plaintiff's assertion that his claim for additional costs and fees did not accrue until "a final order was received on March 7, 2009" is not supported by the record. As noted above, CDOC officials were ordered to pay Plaintiff his costs and fees in December 2006. While Plaintiff continues to seek additional costs and fees, no court order has ordered that he is entitled to additional costs and fees. Plaintiff knew the amount of fees that he was entitled to receive as of the date of the court's order granting him reimbursement sometime in December of 2006.

IV. CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of January 6, 2010, is AFFIRMED AND ADOPTED. In accordance therewith, it is

ORDERED that the motion to dismiss filed on July 20, 2009 [#16] is GRANTED, the case is DISMISSED WITH PREJUDICE.

Dated: March 19, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge